Of Counsel:
SHIM & CHANG

ROY K. S. CHANG      #1733-0
*roy@shimchanglawyers.com*
HARVEY M. DEMETRAKOPOULOS #5033-0
*harvey@shimchanglawyers.com*
333 Queen Street, Suite 900
Honolulu, Hawaii    96813
Telephone No. (808)524-5803
Facsimile No. (808)538-3853

Attorneys for Plaintiff
SYLVIA SEPHTON

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| SYLVIA SEPHTON, ) | CIVIL NO. CV _____ |
| ) | (Other Personal Injury Tort) |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| GGP ALA MOANA LLC, a Delaware ) | |
| nonprofit corporation,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |
| ) | |
| _____ ) | |

**<u>COMPLAINT</u>**

COMES NOW Plaintiff SYLVIA SEPHTON, by and through her attorneys, Shim & Chang, and for causes of action against the Defendant above-named alleges and avers as follows:

**THE PARTIES**

1.   Plaintiff SYLVIA SEPHTON (hereinafter, "Plaintiff" or "Plaintiff Sephton") was at all times pertinent herein a citizen of Australia.  At the time of her injury, Plaintiff Sephton was a tourist visiting the City and County of Honolulu, State of Hawaii.

2.   Defendant GGP ALA MOANA L.L.C. (hereinafter "Defendant GGP") is a Delaware nonprofit corporation that owns, maintains and/or operates the Ala Moana Center, located in the City and County of Honolulu, State of Hawaii.

**STATEMENT OF JURISDICTION**

3.   The Plaintiff is a citizen of Australia.  Defendant GGP is a citizen of the State of Delaware.  The parties are citizens of different countries.  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. Sec. 1332.

**STATEMENT OF CLAIM**

4.   Defendant GGP owns, operates, manages, and/or controls the Ala Moana Center located at 1450 Ala Moana Boulevard, Honolulu, Hawaii, and is responsible for the construction, inspection, maintenance, and repair of the shopping center, including its pedestrian walkways.

5. Defendant GGP constructed and maintained a crosswalk, on the second level of the Ala Moana Center for its customers, patrons and visitors to use.

6. At both entrances to this crosswalk, Defendant GGP had anchored ADA compliant detectable warning mats ("warning mats") to the walkway surface.

7. Prior to April 3, 2018, Defendant GGP knew or should have known that some sections of these warning mats had become unanchored and uplifted, creating a potential trip hazard.

8. As of April 3, 2018, Defendant GGP had not repaired or re-anchored the uplifted sections of the warning mats.

9. On April 3, 2018, Plaintiff Sephton was a shopper at Defendant GGP's Ala Moana Center.

10. On April 3, 2018, Plaintiff Sephton was walking across Defendant GGP's crosswalk, going from the Makai side of the Ala Moana Center to the Mauka side, when an uplifted and unanchored section of the warning mat caught against her footwear, causing her to unexpectedly trip and fall to the ground.

11. Plaintiff Sephton suffered serious injuries to her left wrist, which required surgery to fix. She also suffered other bodily injuries, including mental anguish and emotional distress.

12. Plaintiff's trip, fall, and subsequent injuries were caused by or resulted from Defendant GGP's breach of legal

duties, safety rules, and/or standards of care which Defendant GGP legally owed to its shoppers, patrons, and visitors.

   13.  Defendant GGP's breach of legal duties, safety rules, and/or standards of care included the following:

      (a)  Defendant GGP did not keep the warning mats at the mauka end of its crosswalk properly anchored;

      (b)  Defendant GGP did not inspect these warning mats to discover those areas which had become unanchored and uplifted;

      (c)  Defendant GGP did not re-anchor those uplifted warning mats in a timely manner to prevent them from becoming potential trip hazards;

      (d)  Defendant GGP did not provide its shoppers, patrons, and visitors with a safe walkway to walk on;

      (e)  Defendant GGP provided its shoppers, patrons, and visitors with a walkway that was uneven, raised, and a potential trip hazard;

      (f)  Defendant GGP provided its patrons, shoppers, and visitors with a warning mat that was raised, unanchored, and unsafe when encountered;

      (g)  Defendant GGP breached its warranty to provide its shoppers, patrons, and visitors with safe walkways to walk on, walkways which were free of potential trip hazards;

(h)  Defendant GGP's failure to anchor its warning mats amounted to the creation and existence of a dangerous public nuisance;

(i)  Defendant GGP violated those Americans with Disabilities Act regulations which applied to ADA compliant detectable warning mats and pedestrian walkways;

(j)  Defendant GGP's crosswalk/walkway did not comply with applicable ASTM, ANSI, and/or other industry safety standards which apply to ADA compliant detectable warning mats and pedestrian walkways;

(k)  Defendant GGP's crosswalk/walkway did not comply with several section of the ASTM F1637-95 Standard Practice for Safe Walking Surfaces;

(l)  Defendant GGP's crosswalk/walkway did not comply with ASTM F1637-95, Section 4.1.1.:  "Walkways shall be stable, planar, flush, and even to the extent possible.";

(m)  Defendant GGP's crosswalk/walkway did not comply with the ASTM F1637-95, Section 5.1:  "Walking surface hardware within foreseeable pedestrian paths shall be maintained flush with the surrounding surfaces; variances between levels shall be transitioned in accordance with 4.2 (beveled or ramped).";

(n)  Defendant GGP's crosswalk/walkway did not comply with the ASTM F1637-95, Section 5.3:  "Walking surface hardware

shall be installed and maintained so as to be stable under reasonable foreseeable loading";

  (o) Defendant GGP did not install and/or anchor its warning mats in a safe workmanlike manner;

  (p) Defendant GGP did not take all reasonable measures to protect its shoppers, patrons, and visitors from encountering an unreasonable risk of harm at the mauka end of this particular crosswalk/walkway; and

  (q) Defendant GGP did not take all reasonable measures to prevent an injury to its shoppers, patrons, and visitors using this particular crosswalk/walkway.

 14. As a result of Defendant GGP's breach of legal duties, safety rules, standards of care, and ADA regulations, Defendant GGP was negligent and/or acted in a negligent manner.

 15. The negligent acts and/or omissions of Defendant GGP, and/or others in its employ, contract, or control, were a factual cause of Plaintiff Sephton's trip and fall and a legal (more than a trivial cause) of her injuries, harms, losses and damages.

 16. Defendant GGP is vicariously liable for the negligent acts of its employees, agents and/or contractors.

 17. Plaintiff Sephton's injuries, harms, losses, and damages occurred within the City and County of Honolulu, State of Hawaii.

18. Plaintiff Sephton has sustained and will further sustain special, economic, and other common law damages in an amount to be determined at trial.

19. Plaintiff Sephton has sustained and will further sustain general, non-economic, and other common law damages in an amount to be determined at trial.

20. Defendant GGP was grossly negligent and/or acted in a willful, wanton or reckless disregard of safety rules, regulations, standards, guidelines, and the rights, feelings and safety of others, and for that reason Plaintiff Sephton claims punitive damages against Defendant GGP, in an amount to be determined at the time of trial.

## **DEMAND FOR RELIEF**

Plaintiff Sephton demands judgment against Defendant GGP, as follows:

(a) General, non-economic, and other common law damages as are proven at the time of trial.

(b) Special, economic, and other common law damages as are proven at the time of trial.

(c) Punitive and exemplary damages as are proven at the time of trial.

(d) Prejudgment interest from the date of the incident.

(e) Reasonable attorneys' fees and litigation costs.

(f)  Such other relief as may be deemed just and equitable under the premises.

DATED:  Honolulu, Hawaii,    November 29, 2018          .

                                                  /s/ Harvey M. Demetrakopoulos
                                                ROY K. S. CHANG
                                                HARVEY M. DEMETRAKOPOULOS
                                                Attorneys for Plaintiff